# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-949V
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
PETER MATTE,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Dated: April 22, 2019

Attorneys' Fees and Costs;
Interim Fees; Expert Costs.

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mallori B. Openchowski*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEYS' FEES AND COSTS[1]

On August 5, 2016, Peter Matte filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he experienced the significant aggravation of his underlying multiple sclerosis ("MS") as a result of receiving the influenza ("flu") vaccine on October 9, 2014. Petition ("Pet.") (ECF No. 1) at 1. I held an entitlement hearing on June 7, 2018, in Washington, D.C., and the parties are currently completing post-hearing briefings.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorneys' fees and costs in the total amount of $96,699.84 (representing $68,314.60 in attorneys' fees, plus $27,755.34 in attorneys' costs, and $629.90 in costs incurred separately by Petitioner). *See generally* Petitioner's Application for Interim Attorneys' Fees and Costs, filed Feb. 4, 2019 (ECF No. 62) ("Interim Fees App."); General Order No. 9 Statement, filed Feb. 4, 2019 (ECF No. 63). This is the first such fees request in this case.

Respondent reacted to the Fees Motion on March 18, 2019, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. *See* Response, dated Mar. 18, 2019 (ECF No. 65) at 2-3. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and he recommends that if I find that an interim award is appropriate, I calculate a reasonable award. *Id*.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$96,499.24** (representing $95,869.34 in attorneys' fees and costs, and $629.90 in costs personally incurred by Petitioner).

## PROCEDURAL HISTORY

This action has been pending over two and one-half years. As the billing invoices submitted in support of the fees application reveal, Petitioner first approached the law firm of Conway, Homer, P.C. about his case on July 26, 2015. *See* Interim Fees App. at 4. The case thereafter proceeded with Petitioner filing his Petition, and then medical records and final statement of completion on October 18, 2016 (ECF No. 11), and Respondent filing the Rule 4(c) Report on December 19, 2016 (ECF No. 12). Additional medical records were filed in June 2017 (ECF No. 17), and January through April 2018 (ECF Nos. 31, 33, 38, and 40).

Petitioner thereafter filed an expert report from Dr. Darin Okuda on April 12, 2017 (ECF No. 15) after obtaining one extension of time. Respondent filed an expert report from Dr. Timothy Vartanian on June 22, 2017 (ECF No. 19). Petitioner then filed a rebuttal expert report from Dr. Okuda on December 20, 2017 (ECF No. 27), and Respondent filed his supplemental report from Dr. Vartanian on April 26, 2018. (ECF No. 43). In the interim, I set the matter for an entitlement hearing to be held on June 7-8, 2018 (ECF No. 23). The entitlement hearing was held on June 7, 2018, and a post-hearing briefing schedule was also set (in which I included deadlines for filing supplemental expert reports and post-hearing briefs addressing unresolved issues at hearing). The parties are currently filing the above-mentioned post-hearing materials.

Petitioner filed the instant interim request for an award of attorneys' fees and costs on February 4, 2019. *See generally* Interim Fees App. Petitioner's fee application includes billing records that indicate that the work performed in this case has been divided among several Conway,

Homer, P.C. attorneys – Mr. Pepper, Mr. Homer, Ms. Daniels, Ms. Ciampolillo, Ms. Faga, and Ms. Chin-Caplan – along with firm paralegals and law clerks. *Id.* at 38. The application requests total compensation for Conway, Homer, P.C. in the amount of $68,314.60, for work performed from July 26, 2015, through January 24, 2019. *Id.* at 1-2, 4, 37. Petitioner also seeks to recover $27,755.34 in costs, including document collection, lodging and transportation to and from the hearing, and expert costs for Dr. Okuda at a rate of $500 per hour (as well as $629.90 in costs personally incurred[3]). *Id.* at 35-38, 58-59.

## ANALYSIS

### I.   Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs*., 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

In the present matter, I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). The facts relevant to this matter meet these criteria: the case has been pending for over two and one-half years, and the total amount of attorneys' fees (plus expert costs) requested exceeds the minimum threshold that I find to be appropriate. In addition, the fact that the matter has already been tried (with Petitioner's expert having testified) bulwarks the case for an interim fees award.

---

[3] These costs represent payment solely for medical records. *See* Interim Fees App. at 91-101.

3

## II.     Amounts Requested for Petitioner's Attorneys

Petitioner requests a total of $68,314.60 for attorney work on the present matter. Interim Fees App. at 38. The attorneys from Conway Homer have repeatedly been found to be "in forum" and therefore are entitled to the forum rates established in *McCulloch. See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This determination is also consistent with my own decisions. *See, e.g., Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2017 WL 5381004 (Fed. Cl. Spec. Mstr. Sept. 26, 2017); *Sharifipour v. Sec'y of Health & Human Servs.*, No. 15-669, 2017 WL 2926617 (Fed. Cl. Spec. Mstr. June 6, 2017); *Johnson v. Sec'y of Health & Human Servs.*, No. 14-113V, 2016 WL 5224405 (Fed. Cl. Spec. Mstr. Aug. 19, 2016). Other special masters have awarded forum rates to these attorneys as well. *See, e.g., Cabrera v. Sec'y of Health & Human Servs.*, No. 13-598V, 2017 WL 656303, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2017).

Petitioner's fees application requests compensation for the Conway Homer Firm for work performed from July 2015 to January 2019, at hourly rates of $290-$331 for Mr. Pepper, $300-342 for Ms. Ciampolillo, $280-$294 for Ms. Daniels, $271-$279 for Ms. Faga, $400-$421 for Mr. Homer, $400 for Ms. Chin-Caplan, $145-$152 for law clerks, and $135-$142 for the paralegals. Interim Fees App. at 38. The hourly rates requested by Petitioner for the attorneys herein are in line with what the Conway Homer firm has been awarded in previous cases of mine. *See Caruso,* 2017 WL 5381004, at *3; *Sharifipour*, 2017 WL 2926617, at *1. The rates are also consistent with the Vaccine Program forum-rate guidelines and Office of Special Masters' Hourly Rate Fee Schedule.[4] *See Barrett v. Sec'y of Health & Human Servs.*, No. 09-389, 2014 WL 2505689, at *8 (Fed. Cl. Spec. Mstr. May 13, 2014).

I will, however, make one adjustment to the 2018 rate of $331 requested by Mr. Pepper. In a recent decision, I noted that other persuasive fee decisions have set his 2018 rate at $305 per hour. *See, e.g.*, *Berrett v. Sec'y of Health & Human Servs.*, No. 16-011V, 2019 WL 1451308, at *2 (citing *Zerbey v. Sec'y of Health & Human Servs.*, No. 16-1514V, 2018 WL 3991225, at *2 (Fed. Cl. Spec. Mstr. June 25, 2018)). Accordingly, Mr. Pepper's rate will be reduced to account for this discrepancy. This represents a total reduction of **$2.60** (as he only performed .10 hours of work at his 2018 rate). No additional adjustments to the requested rates are required.

Apart from the above, the hours expended on this matter appear to be reasonable for a case that has lasted over two and one-half years and required an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys have efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any

---

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2019, http://www.uscfc.uscourts.gov/node/2914 (last accessed on Apr. 19, 2019).

4

particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, apart from the reduction included for Mr. Pepper's 2018 rate, the remaining requested attorneys' fees will be reimbursed in full.

### III. Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested costs can be sorted into three different categories – typical litigation costs (including medical records requests, copying and postage costs, and the filing fee), expert costs, and costs associated with travel to and from the June 7, 2018 entitlement hearing in Washington, D.C., and a client visit in October 2016. Based on my review of the billing record, the costs expended by Petitioner on litigation-associated expenses appear to be reasonable. Petitioner's requested costs for Dr. Okuda's work on the matter (totaling $22,250.00 for 44.5 hours of work billed at $500 per hour, and 10 hours of travel time billed at $250 per hour, plus $32.61 in travel expenses) are also reasonable. Dr. Okuda is a qualified expert, and his work in this case was helpful to resolution of Petitioner's claim. I find that the amount of time billed to be reasonable as well, especially in light of the fact that Dr. Okuda not only prepared three expert reports but also testified at the entitlement hearing. Thus, the first two categories will be awarded without reduction.

The last category, however, requires one adjustment. I will reduce Petitioner's expenses related to hotel room charges incurred while in Washington, D.C. for the entitlement hearing. The receipts filed with the fee application indicate that counsel booked two hotel rooms at a $399 base rate for both herself and Petitioner's opining expert. Interim Fees App. at 71, 77. Recent Program caselaw, however, has determined that $300 per night is an appropriate rate for the D.C. area (within a reasonable distance from the court). *See, e.g.*, *Van Vessem v. Sec'y of Health & Human Servs.*, No. 11-132V, 2018 WL 3989517, at *9-10 (Fed. Cl. Spec. Mstr. July 3, 2018); *Salmins v. Sec'y of Health & Human Servs.*, No. 11-140V, 2016 WL 806175, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2016). Accordingly, I will award Petitioner only $300 per night for the rooms booked, thereby reducing the fee award by **$198.00.**

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorneys' Fees, as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---:|---:|---:|
| **Attorneys' Fees** | $68,314.60 | $2.60 | $68,312.00 |
| **Attorneys' Costs** | $27,755.34 | $198.00 | $27,557.34 |
| **Petitioner's Costs** | $629.90 | $0 | $629.90 |
|  |  |  | **Grand Total: $96,499.24** |

I therefore award a total of **$95,869.34** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald C. Homer, representing attorneys' fees in the amount of $68,312.00, plus costs in the amount of $27,557.34. In addition, a separate check payable solely to Petitioner in the amount of **$629.90** shall also be issued.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.