# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-949V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| P.M., | * | |
| | * | Filed: October 25, 2019 |
| Petitioner, | * | |
| | * | Chief Special Master Corcoran |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | Motion for Redaction; |
| HUMAN SERVICES, | * | Entitlement Decision; Influenza |
| | * | Vaccine; Multiple Sclerosis; Relapse |
| Respondent. | * | Significant Aggravation |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mallori B. Openchowski*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## ORDER GRANTING MOTION TO REDACT[1]

On August 5, 2016, P.M. filed an action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The petition alleged that an influenza vaccine P.M. received on October 9, 2014, significantly aggravated his underlying Multiple Sclerosis. I issued a decision denying entitlement in the case on September 24, 2019. *See* Decision, filed Sept. 24, 2019 (ECF No. 74) (the "Entitlement Decision").

---

[1] Although this Ruling has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Ruling in its present form will be available. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758 (codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012)) ("Vaccine Act" or "the Act"). E-Government Act of 2002, 44 U.S.C. § 3501 (2012). For purposes of brevity, all subsequent references to sections of the Act herein shall omit the 42 U.S.C. §§ 300aa prefix.

Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact his name throughout the Entitlement Decision to protect his private medical information from disclosure. *See* Motion for Redaction, dated Oct. 8, 2019 ("Mot.") (ECF No. 77). For the reasons stated below, I hereby grant Petitioner's motion.

### Procedural Background

Petitioner filed the present motion on October 8, 2019, requesting that his name be redacted from the Entitlement Decision. Mot. at 1. Petitioner argues that absent redaction, disclosure of certain information contained in the published decision would constitute a clearly unwarranted invasion of privacy due to Petitioner's diagnosis being "especially sensitive," and the publication of such information would "negatively affect his current and future employment." *Id*. at 3. He does not, however, provide specific examples of how inclusion of such information would specifically impact his employment. Petitioner specifically asks that I redact the current version of the Entitlement Decision (including the case caption) and identify Petitioner only with the initials "P.M." to remedy his concerns. *Id.* at 4.

On October 21, 2019, Respondent filed a brief reacting to Petitioner's motion. *See* ECF No. 78 ("Resp."). Respondent generally discussed Vaccine Rule 18(b) but took no position as to whether redaction was appropriate or not in this case, deferring resolution of the matter to my discretion. Resp. at 1–2. Petitioner did not file a reply. The matter is now ripe for resolution.

### Analysis

I have previously discussed the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.,* No. 12-312V, 2015 WL 11387761, at *2–4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b). The Act provides for redaction from published decisions of certain categories of information—"medical files and similar files"—but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460–61 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695, at *7–8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As I have previously observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460–61; *K.L.*, 2015 WL 11387761, at *2–3. In either case, however, a petitioner needs to make *some* affirmative showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's renewed motion for redaction because she established that disclosure of her injuries would cause her harm in the employment context); *S.B. v. Sec'y of Health & Human Servs.*, No. 14-918V, slip op. (Fed. Cl. Spec. Mstr. Feb. 9, 2016).

In the present matter, I find that Petitioner has sufficiently justified redactions—though just barely. As noted above, the relief Petitioner requests is minimal, seeking only that his name be redacted from the Entitlement Decision to protect private information relating to his medical history and current disease course, rather than information such as his medical condition or the vaccine claimed to have caused his injury. While he has not detailed the types of harm likely to befall him should his request be denied, Petitioner has nonetheless made the minimal showing required by Rule 18(b) based on a concern that disclosure of his condition could negatively impact his current employment status and future prospects. *See, e.g.*, *K.L.*, 2015 WL 11882259, at *1 (redacting decision where petitioner asserted disclosure of her medical condition would cause her harm in the employment context). Accordingly, I will grant Petitioner's motion to redact his name from the Entitlement Decision, and will similarly redact the case caption and refer to Petitioner as P.M.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of his name in the Entitlement Decision in this case, and I therefore **GRANT** the motion to that extent. **Petitioner is hereby ordered to incorporate the requested language and file the proposed redacted decision on or before November 1, 2019.**[3]

**The Clerk of this Court is hereby instructed to change the caption of this case to the following:**

---

[3] Though Petitioner incorporated a redacted version of the Decision in his motion, the Court requires the document be filed separately. Additionally, Petitioner should address several formatting errors contained in the redacted Decision. Specifically, he should ensure that all paragraphs are justified, and that page breaks are not inserted mid-sentence. Highlighting and hyperlinks should also be removed.

```
* * * * * * * * * * * * * * * * * * * * * * * *
P.M.,                                          *
                                               *
                Petitioner,                    *
                                               *
        v.                                     *
                                               *
SECRETARY OF HEALTH AND                        *
HUMAN SERVICES,                                *
                                               *
                Respondent.                    *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
